MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALFREDO RODRIGUEZ, ANDRES GOMEZ
PALACIOS, GABRIEL JESUS AVILA
ESCAMILLA, JESUS GREGORIO GOMEZ
CORTES, JOSE HECTOR VALDEZ, JULIO
CESAR AQUINO, OSCAR MARTINEZ
CAMPOS, PABLO CAMPOS ESPINAL,
PABLO LEZAMA, and SERGIO LEZAMA
MERINO, *individually and on behalf of others
similarly situated,*

                                *Plaintiffs*,

          -against-

BENITEZ RMB CORP.  (D/B/A BENITEZ
CORPORATION), FLINTLOCK
CONSTRUCTION SERVICES LLC (D/B/A
FLINTLOCK), BMNY CONSTRUCTION
CORP. (d/b/a BMNY), JOSE BENITEZ
ARGUETA and CUPO BENEDETTO,

                             *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b) AND RULE 23
CLASS ACTION**

**ECF Case**

       Plaintiffs Alfredo Rodriguez, Andres Gomez Palacios, Gabriel Jesus Avila Escamilla,

Jesus Gregorio Gomez Cortes, Jose Hector Valdez, Julio Cesar Aquino, Oscar Martinez Campos,

Pablo Campos Espinal, Pablo Lezama and Sergio LEZAMA , individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against BENITEZ RMB  Corp. (d/b/a

Benitez Corporation), FLINTLOCK CONSTRUCTION SERVICES LLC (d/b/a FLINTLOCK),

BMNY CONSTRUCTION CORP. (d/b/a BMNY CONSTRUCTION), ("Defendant Corporations"), Jose Benitez Argueta and Cupo Benedetto, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants BENITEZ RMB Corp. (d/b/a Benitez Corporation), FLINTLOCK CONSTRUCTION SERVICES LLC (d/b/a FLINTLOCK), BMNY Construction Corp. (d/b/a BMNY), Jose Benitez Argueta and Cupo Benedetto.

2.       Defendants own, operate, or control three construction companies located at 2775 Harvard Place, Baldwin, NY 11510 under the name "Benitez Corporation", at 585 N Barry Avenue, Mamaroneck, NY, 10543 under the name "Flintlock" and at 260 Madison Ave Fl 8 New York, NY 10016 under the name and "BMNY Construction Corp."

3.      Upon information and belief, individual Defendants Jose Benitez Argueta and Cupo Benedetto, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction companies as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as rebar workers in Manhattan projects for the construction companies located at 2775 Harvard Place, Baldwin, NY 11510, 585 N Barry Avenue, Mamaroneck, NY, 10543 and at 260 Madison Ave Fl 8 New York, NY 10016.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, and Defendants operate three construction companies with projects in this district.  Further, Plaintiffs were employed by Defendants to work in this district.

## PARTIES

### *Plaintiffs*

15.     Plaintiff Alfredo Rodriguez ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Newark, New Jersey. Plaintiff Rodriguez was employed by Defendants to work at construction projects in Manhattan from approximately June 2021 until on or about August 20, 2021.

16.     Plaintiff Andres Gomez Palacios ("Plaintiff Gomez" or "Mr. Gomez") is an adult individual residing in Queens County, New York. Plaintiff Gomez was employed by defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 20, 2021.

17.     Plaintiff Gabriel Jesus Avila Escamilla ("Plaintiff Avila" or "Mr. Avila") is an adult individual residing in Kings County, New York. Plaintiff Avila was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

18.     Plaintiff Jesus Gregorio Gomez Cortes ("Plaintiff Cortez" or "Mr. Cortez") is an adult individual residing in Queens County, New York. Plaintiff Cortez was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

19.     Plaintiff Jose Hector Valdez ("Plaintiff Valdez" or "Mr. Valdez") is an adult individual residing in Queens County, New York. Plaintiff Valdez was employed by Defendants to work at construction projects in Manhattan from approximately June 9, 2021 until on or about August 30, 2021.

20.     Plaintiff Julio Cesar Aquino ("Plaintiff Aquino" or "Mr. Aquino") is an adult individual residing in Queens County, New York. Plaintiff Aquino was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

21.     Plaintiff Oscar Martinez Campos ("Plaintiff Martinez" or "Mr. Martinez") is an adult individual residing in Queens County, New York. Plaintiff Martinez was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

22.     Plaintiff Pablo Campos Espinal ("Plaintiff Campos" or "Mr. Campos") is an adult individual residing in Passaic County, New Jersey. Plaintiff Campos was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

23.     Plaintiff Pablo Lezama ("Plaintiff Lezama" or "Mr. Lezama") is an adult individual residing in Kings County, New York. Plaintiff Lezama was employed by Defendants to work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

24.     Plaintiff Sergio Lezama Merino ("Plaintiff Sergio" or "Mr. Sergio") is an adult individual residing in Queens County, New York. Plaintiff Sergio was employed by Defendants to

work at construction projects in Manhattan from approximately June 1, 2021 until on or about August 30, 2021.

*Defendants*

25.     At all relevant times, Defendants owned, operated, or controlled three construction companies, located at 2775 Harvard Place, Baldwin, NY 11510 under the name "Benitez Corporation", at 585 N Barry Avenue, Mamaroneck, NY, 10543 under the name "Flintlock" and at 260 Madison Ave Fl 8 New York, NY 10016 under the name "BMNY Construction Corp."

26.     Upon information and belief, BENITEZ RMB Corp. (d/b/a Benitez Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2775 Harvard Place, Baldwin, NY 11106.

27.     Upon information and belief, Flintlock Construction services LLC (d/b/a Flintlock), is a domestic corporation organized and existing under the laws of the state of New York. Flintlock Construction Services LLC maintains its principal place of business at 585 N Barry Avenue, Mamaroneck, NY, 10543.

28.     Upon information and belief, BMNY Construction Corp. (d/b/a BMNY), is a domestic corporation organized and existing under the laws of the state of New York.  BMNY Construction Corp. maintains its principal place of business at 260 Madison Ave Fl 8 New York, NY 10016.

29.     Defendant Jose Benitez Argueta is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Benitez Argueta is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jose Benitez Argueta possesses operational control over Defendant Corporations, an

ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Cupo Benedetto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cupo Benedetto is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Cupo Benedetto possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

31.     Defendants operate three construction companies known as Benitez Corporation, Flintlock and BMNY Construction Corp. which perform construction projects at different locations in Manhattan.

32.     Individual Defendants, Jose Benitez Argueta and Cupo Benedetto, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

37.     Upon information and belief, Individual Defendants Jose Benitez Argueta and Cupo Benedetto operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

39.     During 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction companies on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

41.     Plaintiffs are former employees of Defendants who were employed as rebar workers.

42.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Alfredo Rodriguez

43.     Plaintiff Rodriguez was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

44.     Defendants employed Plaintiff Rodriguez as a foreman for rebar workers.

45.     Plaintiff Rodriguez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

46.     Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

48.     From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Rodriguez worked an average of approximately 56 hours per week.

49.     Throughout his employment, Defendants paid Plaintiff Rodriguez his wages in cash.

50.     From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Rodriguez $55.00 per hour.

51.     For a period of four weeks in 2021, Defendants did not pay Plaintiff Rodriguez any wages for his work.

52.     Defendants never granted Plaintiff Rodriguez any breaks or meal periods of any kind.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Rodriguez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including a concrete drill and other construction tools.

*Plaintiff Andres Gomez Palacio*

57.     Plaintiff Gomez was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

58.     Defendants employed Plaintiff Gomez as a rebar worker.

59.     Plaintiff Gomez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

60.     Plaintiff Gomez's work duties required neither discretion nor independent judgment.

61.     Throughout his employment with Defendants, Plaintiff Gomez regularly worked in excess of 40 hours per week.

62.     From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Gomez worked an average of approximately 62 hours per week.

63.     Throughout his employment, Defendants paid Plaintiff Gomez his wages in cash.

64.     From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Gomez $30.00 per hour.

65.     For a period of three weeks in 2021, Defendants did not pay Plaintiff Gomez any wages for his work.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gomez regarding overtime and wages under the FLSA and NYLL.

67.     Defendants did not provide Plaintiff Gomez an accurate statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff Gomez of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Gabriel Jesus Avila Escamilla*

69.     Plaintiff Avila was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

70.     Defendants employed Plaintiff Avila as a rebar worker.

71.     Plaintiff Avila regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

72.     Plaintiff Avila's work duties required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Avila regularly worked in excess of 40 hours per week.

74.     From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Avila worked from approximately 1:30 a.m. until on or about 1:30 p.m., two days a week, from approximately 3:00 a.m. until on or about 3:00 p.m. two days a week, from approximately 7:00 a.m. until on or about 7:00 p.m. one day a week  and  from approximately 5:00 a.m. until on or about 5:00 p.m. one day a week(typically 72 hours per week).

75.     Throughout his employment, Defendants paid Plaintiff Avila his wages by personal check or in cash.

76.     From approximately June1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Avila $30 per hour.

77.     For a period of three weeks in 2021 Defendants did not pay Plaintiff Avila any wages for his work.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Avila regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Avila an accurate statement of wages, as required by NYLL 195(3).

80.     Defendants did not give any notice to Plaintiff Avila, in English and in Spanish (Plaintiff Avila's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Avila to purchase "tools of the trade" with his own funds—including a harness, a pair of pliers, a bolt cutter and other construction tools.

*Plaintiff Jesus Gomez Cortez*

82.     Plaintiff Cortez was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

83.     Defendants employed Plaintiff Cortez as a rod buster.

84.     Plaintiff Cortez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

85.     Plaintiff Cortez's work duties required neither discretion nor independent judgment.

86.     Throughout his employment with Defendants, Plaintiff Cortez regularly worked in excess of 40 hours per week.

87.     From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Cortez worked from approximately 5:00 a.m. until on or about 3:30 p.m., five days a week and from approximately 5:00 a.m. until on or about 1:30 p.m. one day a week (typically 61 hours per week).

88.     Throughout his employment, Defendants paid Plaintiff Cortez his wages in cash.

89.     From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Cortez $33.00 per hour.

90.     For a period of three weeks in 2021, Defendants did not pay Plaintiff Cortez any wages for his work.

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cortez regarding overtime and wages under the FLSA and NYLL.

92.     Defendants did not provide Plaintiff Cortez an accurate statement of wages, as required by NYLL 195(3).

93.     Defendants did not give any notice to Plaintiff Cortez, in English and in Spanish (Plaintiff Cortez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants required Plaintiff Cortez to purchase "tools of the trade" with his own funds—including a construction yoyo, safety cables, a harness, cable cutters, snippers, a level ruler, a Tape measure and a helmet.

*Plaintiff Jose Hector Valdez*

95.     Plaintiff Valdez was employed by Defendants from approximately June 1, 2021until on or about August 30, 2021.

96.     Defendants employed Plaintiff Valdez as a construction worker.

97.     Plaintiff Valdez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

98.     Plaintiff Valdez's work duties required neither discretion nor independent judgment.

99.     Throughout his employment with Defendants, Plaintiff Valdez regularly worked in excess of 40 hours per week.

100.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Valdez worked an average of approximately 55 hours per week.

101.    Throughout his employment, Defendants paid Plaintiff Valdez his wages by check.

102.    From approximately June 1, 2021until on or about August 30, 2021, Defendants paid Plaintiff Valdez $32.00 per hour.

103.    For a period of approximately two and a half weeks in 2021, Defendants did not pay Plaintiff Valdez any wages for his work.

104.    Defendants did not provide Plaintiff Valdez an accurate statement of wages, as required by NYLL 195(3).

105.    Defendants did not give any notice to Plaintiff Valdez, in English and in Spanish (Plaintiff Valdez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

106.    Defendants required Plaintiff Valdez to purchase "tools of the trade" with his own funds—including a harness, a pair of pliers, a cutter and other construction tools.

*Plaintiff Julio Cesar Aquino*

107.    Plaintiff Aquino was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

108.    Defendants employed Plaintiff Aquino as a rebar worker.

109.    Plaintiff Aquino regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

110.    Plaintiff Aquino's work duties required neither discretion nor independent judgment.

111.    Throughout his employment with Defendants, Plaintiff Aquino regularly worked in excess of 40 hours per week.

112.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Aquino worked an average of approximately 55 hours per week.

113.    Throughout his employment, Defendants paid Plaintiff Aquino his wages in cash.

114.    From approximately June1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Aquino $27.00 per hour.

115.    For a period of two weeks in 2021 Defendants did not pay Plaintiff Aquino any wages for his work.

116.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aquino regarding overtime and wages under the FLSA and NYLL.

117.    Defendants did not provide Plaintiff Aquino an accurate statement of wages, as required by NYLL 195(3).

118.    Defendants did not give any notice to Plaintiff Aquino, in English and in Spanish (Plaintiff Aquino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants required Plaintiff Aquino to purchase "tools of the trade" with his own funds—including a yoyo lock, a harness, a ruler, a pair of pliers, a helmet, a measuring tape and other construction tools.

*Plaintiff Oscar Martinez*

120.    Plaintiff Martinez was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

121.    Defendants employed Plaintiff Martinez as a rebar worker.

122.    Plaintiff Martinez regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

123.    Plaintiff Martinez's work duties required neither discretion nor independent judgment.

124.    Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

125.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Martinez worked an average of approximately 55 hours per week.

126.    Throughout his employment, Defendants paid Plaintiff Martinez his wages by check.

127.    From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Martinez $27.00 per hour.

128.    For a period of three weeks in 2021, Defendants did not pay Plaintiff Martinez any wages for his work.

129.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

130.    Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

131.    Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

132.    Defendants required Plaintiff Martinez to purchase "tools of the trade" with his own funds—including a Yoyo lock, a Harness, Cable cutters, a pair of boots and a helmet.

*Plaintiff Pablo Campos Espinal*

133.    Plaintiff Campos was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

134.    Defendants employed Plaintiff Campos as a construction worker.

135.    Plaintiff Campos regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

136.    Plaintiff Campos's work duties required neither discretion nor independent judgment.

137.    Throughout his employment with Defendants, Plaintiff Campos regularly worked in excess of 40 hours per week.

138.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Campos worked an average of approximately 55 hours per week.

139.    Throughout his employment, Defendants paid Plaintiff Campos his wages by check and in cash.

140.    From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Campos $30.00 per hour.

141.    For a period of approximately three weeks in 2021, Defendants did not pay Plaintiff Campos any wages for his work.

142.    Defendants did not provide Plaintiff Campos an accurate statement of wages, as required by NYLL 195(3).

143.    Defendants did not give any notice to Plaintiff Campos, in English and in Spanish (Plaintiff Campos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

144.    Defendants required Plaintiff Campos to purchase "tools of the trade" with his own funds—including a harness, a pair of pliers and other construction tools.

*Plaintiff Pablo Lezama*

145.    Plaintiff Lezama was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

146.    Defendants employed Plaintiff Lezama as a rebar worker.

147.    Plaintiff Lezama regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

148.    Plaintiff Lezama's work duties required neither discretion nor independent judgment.

149.    Throughout his employment with Defendants, Plaintiff Lezama regularly worked in excess of 40 hours per week.

150.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Lezama worked an average of approximately 55.4 hours per week.

151.    Throughout his employment, Defendants paid Plaintiff Lezama his wages in a combination of check and cash.

152.    From approximately June 1, 2021 until on or about August 30, 2021, Defendants paid Plaintiff Lezama $32.00 per hour.

153.    For a period of three weeks in 2021, Defendants did not pay Plaintiff Lezama any wages for his work.

154.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lezama regarding overtime and wages under the FLSA and NYLL.

155.    Defendants did not provide Plaintiff Lezama an accurate statement of wages, as required by NYLL 195(3).

156.    Defendants did not give any notice to Plaintiff Lezama, in English and in Spanish (Plaintiff Lezama's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

157.    Defendants required Plaintiff Lezama to purchase "tools of the trade" with his own funds—including drillers and other construction tools.

*Plaintiff Sergio Lezama Merino*

158.    Plaintiff Sergio was employed by Defendants from approximately June 1, 2021 until on or about August 30, 2021.

159.    Defendants employed Plaintiff Sergio as a mechanic.

160.    Plaintiff Sergio regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

161.    Plaintiff Sergio's work duties required neither discretion nor independent judgment.

162.    Throughout his employment with Defendants, Plaintiff Sergio regularly worked in excess of 40 hours per week.

163.    From approximately June 1, 2021 until on or about August 30, 2021, Plaintiff Sergio worked an average of approximately 52.55 hours per week.

164.    Throughout his employment, Defendants paid Plaintiff Sergio his wages in cash or by check written out to the wrong payee.

165.    From approximately June 1, 2021until on or about August 30, 2021, Defendants paid Plaintiff Sergio $35.00 per hour.

166.    For a period of four weeks in 2021, Defendants did not pay Plaintiff Sergio any wages for 90 hours of work.

167.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sergio regarding overtime and wages under the FLSA and NYLL.

168.    Defendants did not provide Plaintiff Sergio an accurate statement of wages, as required by NYLL 195(3).

169.     Defendants did not give any notice to Plaintiff Sergio, in English and in Spanish (Plaintiff Sergio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

170.     Defendants required Plaintiff Sergio to purchase "tools of the trade" with his own funds—including 1 harness, 1 yoyo lock, a chain, a pouch, a plier, a cutter, a snipper, a measuring machine, a reel, a helmet, a pair of boots and other construction tools.

*Defendants' General Employment Practices*

171.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

172.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

173.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

174.     Defendants paid Plaintiffs their wages in cash, by personal check or in a combination of check and cash each week.

175.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

176.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

177.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

178.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

179.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

180.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

181.   Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

182.   At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

183.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

184.   Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

185.   Plaintiffs bring their New York Labor Law minimum wage, overtime,  wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

186.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of

that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

187.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

f)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

188.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

189.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

190.    The common questions of law and fact predominate over questions affecting only individual members.

191.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

192.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

193.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

195.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

196.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

197.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

198.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

199.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

200.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

201.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

202.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

203.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

204.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

205.     At all times relevant to this action, Defendants were Plaintiffs' (and the Rule 23 Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

206.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the Rule 23 Class members) less than the minimum wage.

207.     Defendants' failure to pay Plaintiffs (and the Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

208.     Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

209.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

210.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

211.     Defendants' failure to pay Plaintiffs (and the Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

212.     Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

213.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

214.    Defendants failed to provide Plaintiffs (and the Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

215.    Defendants are liable to each Plaintiff (and the Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

216.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

217.    With each payment of wages, Defendants failed to provide Plaintiffs (and the Rule 23 Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

218.　　Defendants are liable to each Plaintiff (and the Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

219.　　Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

220.　　Defendants required Plaintiffs (and the Rule 23 Class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

221.　　Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

222.　　Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

223.　　Defendants did not pay Plaintiffs (and the Rule 23 Class members) on a regular weekly basis, in violation of NYLL §191.

224.　　Defendants are liable to each Plaintiff (and the Rule 23 Class members) in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and

overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

      (h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

      (i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

      (j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the Rule 23 class members') compensation, hours, wages and any deductions or credits taken against wages;

      (k)     Awarding Plaintiffs and the rule 23 class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

      (l)     Awarding Plaintiffs and the Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

      (m)     Awarding Plaintiffs and the Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

      (n)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

      (o)     Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
          October 25, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alfredo Rodriguez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     14 de octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Andres Gomez Palacios

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                   14 de Octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Gabriel Jesus Avila Escamilla

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      14 de octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jesus Gregorio  Gomez  Cortes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _____

Date / Fecha:                     14 de octubre 2021_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Hector Valdez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 Hector Jose Valdez

Date / Fecha:                      14 de Octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

**BY HAND**

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Julio Cesar Aquino

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          14 de Octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Oscar Martinez Campos

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       14 de octuber 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Pablo Campos Espinal

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _pablo campos_

Date / Fecha:                      14 de octubre 2021   14

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Pablo Lezama

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Pablo Lezama_

Date / Fecha:                     14 de octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 14, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Sergio Lezama Merino

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:            14 de Octubre 2021

*Certified as a minority-owned business in the State of New York*