USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/15/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**RODRIGUEZ ET AL.,**

                       **Plaintiff,**

     -against-

**Benitez RMB Corp., et al.,**

                       **Defendants.**

**1:21-cv-08715 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiffs bring this FLSA action against their former employers Benitez RMB Corp, BMNY Construction Corp., Jose Benitez Argueta and Cup Benedetto (collectively "Defendants") for violation of the Fair Labor Standards Act's ("FLSA") minimum wage and overtime provisions and the New York State Labor Laws. Complaint, ECF No. 1. After Plaintiff obtained Certificates of Default from the Clerk of the Court, they made the instant motion for default judgment against Defendant. *See* ECF Nos. 29, 31, 33, 35, 72-74. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

BACKGROUND

    Plaintiffs were employed as "rebar workers" on construction sites by Defendants in New York state approximately between June and August 2021. Compl., ECF No. ¶¶ 5, 15-24. Plaintiffs worked on construction projects during this time and worked "in excess of 40 hours per week" and were not compensated minimum wage or for overtime hours worked. *Id.* at ¶ 6.

    Plaintiffs initiated this action on October 25, 2021 and properly served Defendant Argueta on October 3, 2021, Defendants Benitez RMB Corp. and BMNY Construction Corp on November 4, 2021, and Defendant Benedetto on November 20, 2021. ECF Nos. 1, 16-18, 20. Defendants never answered or otherwise respond to the Complaint. On February 1, 2022, the Clerk of the Court

entered Certificates of Default to indicate that Defendants had not filed an answer or otherwise moved with respect to Plaintiff's complaint. ECF Nos. 29, 31, 33, 35. Following Plaintiffs motion for default judgment against Defendants, the Court then issued an Order to Show Cause directing Plaintiff to serve a copy of that Order on Defendant no later than November 16, 2023, and ordering Defendant to show cause in writing, by December 5, 2023, as to why an Order entering default judgment should not be issued, pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 75. Defendant was clearly warned that failure to comply with the Order to Show Cause would result in a default judgment against them and nevertheless failed to respond. On November 16, 2023, Plaintiff filed an affidavit with the Court stating that Defendant was served the Order to Show Cause and the papers upon which it was based on November 16, 2023. ECF No. 76.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au*

*Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

In light of Defendant's default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted). Defendants therefore have breached their federal and state statutory obligations to pay Plaintiffs their required minimum and overtime wages.

## CONCLUSION

3

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is **GRANTED**.

**SO ORDERED.**

Dated:   December 15, 2023
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**